



## MEMORANDUM OPINION

No. 04-10-00848-CR

Jose Jesus Contreras **MONREAL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR0701
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  February 15, 2012

AFFIRMED

A jury found appellant, Jose Jesus Contreras Monreal, guilty of the murder of Jose

Gonzalez, Jr. and assessed punishment at thirty-five years' confinement.  We affirm.

### BACKGROUND

Trial testimony established that Gonzalez, appellant's nephew, came to appellant's house

on the evening of September 19, 2008.  Appellant was working on his truck, but eventually

stopped and he and Gonzalez drank beer together and played games through the night.  Although

disputed, there was testimony Gonzalez and appellant may have used drugs as well. Appellant testified that the next morning he went back outside to work on his truck and Gonzalez stayed inside the house and drank more beer. Appellant said he came back inside the house in the early afternoon to get water and that Gonzalez handed him a picture to look at as he was walking to the refrigerator. Appellant testified Gonzalez then became angry and wanted him to return the picture, but appellant refused because he had not yet read the words on the back of the picture. Appellant claimed Gonzalez hit him in the back and continued to hit him until he returned the picture. Appellant then pushed him, ran outside, and grabbed a gun because he "wanted him out of the house." When he returned inside with the gun, appellant testified Gonzalez would not leave and that Gonzalez reached for a knife from the kitchen counter. As Gonzalez was trying to grab the knife, appellant admitted he shot Gonzalez. After that, appellant stated Gonzalez grabbed a bottle, broke it against his own head, and told appellant he was going to kill him with a piece of the glass. Appellant shot Gonzalez again before fleeing the residence. Appellant's wife, Irene Monreal, who was in her bedroom when the shooting took place, came out and called the police. Gonzalez was air-lifted to a hospital where he eventually died from the gunshot wounds. Two weeks later, appellant turned himself in to law enforcement.

At trial, Gonzalez was described by Irene and appellant's daughter, Leann Monreal, as part of their family, although he did not live with them. However, Leann and Irene also testified Gonzalez had a drug and alcohol problem and would become very violent after drinking. Trial testimony established that appellant and Gonzalez had a turbulent relationship and often had conflicts in the past.

## SUFFICIENCY OF THE EVIDENCE

In his first issue on appeal, appellant complains the evidence was insufficient to sustain the jury's verdict of guilt and the implicit rejection of his self-defense claim. Appellant contends the evidence does not prove he committed murder because he was acting in self-defense. As such, appellant contends the State did not prove he intentionally or knowingly caused the death of Gonzalez.

In a sufficiency challenge, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899, 912 (Tex. Crim. App. 2010). We defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id.* at 899.

At trial, appellant asserted self-defense and the jury was instructed accordingly. Therefore, for the jury to find appellant acted in self-defense, it had to find he reasonably believed the force was immediately necessary to protect himself against Gonzalez's use or attempted use of unlawful force. *See* TEX. PENAL CODE ANN. § 9.31(a) (West 2011). If an accused asserts a defense, he or she bears the burden of production to raise evidence in support of that defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Once a defendant meets this burden, then the State bears the burden of persuasion to disprove the defensive theory. *Id.* However, the State does not need to produce evidence in meeting its burden—it must only prove its case beyond a reasonable doubt. *Id.* Thus, when a jury makes a finding of guilt, it is implied the jury also found against the defensive theory. *Id.*

Consistent with his claim of self-defense, appellant admitted to firing the weapon that killed Gonzalez. However, appellant testified Gonzalez was the aggressor and that he shot Gonzalez because Gonzalez hit him and threatened to kill him. Appellant also denied shooting Gonzalez in the back. Nonetheless, the medical examiner testified Gonzalez was shot in the back in a downward direction. Thus, the jury could have found appellant's trial testimony was not credible and rejected appellant's self-defense claim because of the inconsistency in his testimony as compared to the medical examiner's testimony. *See Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) ("The jury is the exclusive judge of the credibility of witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence.").

And, although appellant claimed he was defending himself when Gonzalez tried to grab the knife, appellant himself admitted he got the gun before Gonzalez ever reached for the knife. Further, the medical examiner testified there was no evidence Gonzalez was shot at a close range. As a result, the jury could conclude Gonzalez was not close in distance to appellant—and armed with only a broken piece of glass—therefore finding no reasonable belief that appellant's deadly force was immediately necessary. Also, the jury heard evidence appellant fled the scene immediately after the shooting and remained hidden from law enforcement for two weeks. *See Bigby v. State*, 892 S.W.2d 864, 883 (Tex. 1994) ("Evidence of flight or escape is admissible as a circumstance from which an inference of guilt may be drawn."). As a result, the jury could have rejected appellant's self-defense claim.

After viewing the evidence in the light most favorable to the verdict and because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony, we

conclude a rational trier of fact could have found the essential elements of murder beyond a reasonable doubt, thereby implicitly rejecting appellant's self-defense claim.

## EVIDENTIARY CHALLENGE

In his second issue on appeal, appellant complains the trial court erred by allowing testimony of his possible use and possession of drugs on the day of, and the night before, the shooting.[1] Appellant contends this evidence was irrelevant and did not serve the State's purpose of explaining his state of mind to the jury.

Prior to any testimony, the State requested permission from the trial court to question witnesses about appellant's possible cocaine use on the day of, and the night before, the shooting. The State asserted this evidence went to the relationship of appellant and Gonzalez, and also went to appellant's state of mind at the time of the shooting. Appellant, however, argued that mentioning the drug use would have a prejudicial effect that would overcome any probative value. Ultimately, the trial court allowed the State to question witnesses about appellant's possible drug use.

We will assume without deciding the trial court erred. Accordingly, we must determine whether the error was harmful. The Court of Criminal Appeals has instructed courts of appeals that, when conducting a harm analysis under Texas Rule of Appellate Procedure 44.2(b), "an appellate court need only determine whether or not the error affected a substantial right of the defendant. To make this determination, appellate courts must decide whether the error had a substantial or injurious effect on the jury verdict." *Llamas v. State*, 12 S.W.3d 469, 471 n.2 (Tex. Crim. App. 2000). Substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, we have a fair assurance that the error did not

---

[1] The State argues appellant waived this complaint by not objecting to the evidence; however, after a review of the record, we believe the issue was preserved for our review.

influence the jury, or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

Here, as previously discussed, appellant admitted he shot Gonzalez and the jury implicitly rejected appellant's claim of self-defense. The medical examiner testified Gonzalez was shot in the back. Further, no one testified appellant actually used the drugs on the day of, and the night before, the shooting. Instead, one witness denied even seeing drugs on the day in question and the other witness only stated she saw drugs in "baggies," but did not actually see either of the men use the drugs. As such, we do not believe the mention of appellant's possible drug use on the day of the shooting "had a substantial or injurious effect on the jury verdict." *Llamas*, 12 S.W.3d at 471 n.2. Accordingly, we conclude the admission of the testimony concerning the possible drug use did not harm appellant.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the judgment of the trial court.

Sandee Bryan Marion, Justice

Do not publish